IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK BLEVINS, HEATHER BLEVINS, )
KEVIN S. BLEVINS and DONNA BLEVINS, )
)
Plaintiffs, )
)
vs. ) Case No. 09-cv-0213-MJR-CJP
)
KENNETH P. PENNINGTON and )
WHITE CAP CONSTR. SUPPLY, INC., )
)
Defendants. )

## ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

Following a January 2007 vehicular collision in Crawford County, Illinois, Mark Blevins, Heather Blevins, Kevin Blevins and Donna Blevins (the occupants of a GMC Sierra pick-up truck that was struck by a 2005 Freightliner) filed suit in the Circuit Court of Crawford County. They named two Defendants: (1) the driver of the Freightliner, Kenneth P. Pennington, and (2) his employer or principal, White Cap Construction Supply, Inc. The complaint contains eight counts of negligence and seeks damages for permanent physical injury, past and future physical pain and mental suffering, past and future medical bills, loss of a normal life, loss of society and loss of consortium.

The Blevinses filed their lawsuit on December 2, 2008. White Cap Construction was served on February 18, 2009. (It is unclear whether Kenneth Pennington has been served to date.) On March 19, 2009, White Cap removed the action to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332.

Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking subject matter jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 2952 (2007); *Hart v. FedEx Ground Pkg. Systems, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

As to the amount in controversy, White Cap (the proponent of federal jurisdiction) has shown by a preponderance of the evidence facts suggesting that this requirement has been satisfied. *Oshana*, 472 F.3d at 511, *citing Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). White Cap, however, has not met its burden of identifying the citizenship of each party, so as to permit the Court to ascertain that diversity is complete.

White Cap's removal notice supplies the proper information needed to identify its own citizenship (it is a citizen of Delaware and Georgia). But White Cap offers only allegations of "residence" as to Defendant Pennington and two of four Plaintiffs (Mark Blevins and Kevin Blevins). White Cap tells us nothing about Heather and Donna Blevins. Moreover, the law of this Circuit plainly provides that allegations of residence are inadequate to support diversity jurisdiction: "residence and citizenship are not synonyms," and "it is the latter that matters for purposes of diversity jurisdiction." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Indeed, just last month, the Seventh Circuit affirmed the remand of a case in which the removal notice alleged "residence" instead of citizenship.
> The ... notice of removal alleged the parties "residence," while jurisdiction depends on their citizenship, which is to say their domicile.... This is not, as the parties would have it, a "defect in removal procedure." It is a genuine jurisdictional problem.

*The Northern League, Inc. v. Gidney*, - F.3d -, 2009 WL 458767, *1 (7th Cir. Feb. 18, 2009).

Rather than summarily remanding the instant case, the undersigned Judge will permit defense counsel to file an **Amended Removal Notice by April 9, 2009** which properly pleads the citizenship of all six parties to this case. The amended notice also should correct the sentence stating that the case is being removed to the "Central District of Illinois, Urbana Division" (Doc. 2, p. 1).

IT IS SO ORDERED.

DATED this 20th day of March 2009.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge