IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK BLEVINS, HEATHER BLEVINS, KEVIN S. BLEVINS and DONNA BLEVINS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 09-cv-0213-MJR-CJP ) |
| KENNETH PENNINGTON and WHITE CAP CONSTR. SUPPLY, INC., | ) ) ) |
| Defendants. | ) |

MEMORANDUM and ORDER

REAGAN, District Judge:

This personal injury lawsuit arises from a January 2007 vehicular collision in Crawford County, Illinois (within this Judicial District). The complaint alleges that Mark and Kevin Blevins, occupants of a GMC Sierra pick-up truck, were struck from behind by a 2005 Freightliner driven by Kenneth Pennington, an employee of White Cap Construction Supply, Inc. Mark and Kevin, together with their wives, Heather and Donna, filed suit in Illinois state court against Pennington and White Cap in December 2008. Served on February 18, 2009, White Cap timely removed the action to this United States District Court in March 2009. Soon thereafter, Defendant Pennington was served.

On threshold review, the undersigned Judge directed White Cap to amend the removal notice. White Cap complied, and the amended notice contained information allowing the undersigned to confirm that the Court enjoys subject matter jurisdiction

under the federal diversity statute, 28 U.S.C. 1332.

A Scheduling Order then was entered (Doc. 20) imposing the following deadlines: discovery cutoff of 3/8/10; dispositive motion deadline of 3/22/10, settlement conference 6/15/10, final pretrial conference 7/2/10, and jury trial 7/19/10.

After the discovery cut-off passed and just prior to the dispositive motion deadline, Plaintiffs filed two motions. First, Plaintiffs seek leave to amend their complaint. This motion (Doc. 38) actually asks to *dismiss* Counts II, IV, VI and VIII and file an amended complaint without those counts. Counts II and IV are loss of consortium claims brought by Heather and Donna against Defendant Pennington. Counts VI and VIII are Heather and Donna's loss of consortium claims against Defendant White Cap. Defense counsel does not object to the dismissal of these claims, and amendment of the complaint to reflect that dismissal will not delay this matter.

Accordingly, the Court **GRANTS** Doc. 38, **DISMISSES** Counts II, IV, VI and VIII without prejudice, and **DIRECTS** Plaintiffs to file a First Amended Complaint **no later than April 2, 2010**. The amended complaint shall omit the dismissed claims and shall designate the counts with Arabic numbers (e.g., 1, 2, 3) rather than Roman numerals (e.g., IV, VI, VIII). Defendants shall answer the amended complaint as provided in Federal Rule of Civil Procedure 15(a)(3).

In the second motion (Doc. 39), Plaintiffs move to sever Counts I and V (Mark Blevins' claims) from the remainder of the case. The motion notes that counsel has just discovered that Mark needs "additional treatment and examination," including

an "initial doctor's appointment with Dr. Gray on or about May 14, 2010" (*id.* p. 2). Dr. Jeff Gray is a physician to whom Mark Blevins was referred by his treating physician – Dr. Randall Oliver. Plaintiffs' counsel asserts that there is "not adequate time prior to trial for the parties to properly investigate and complete discovery concerning the additional treatment required by Mark Blevins" (*id.*). The motion further declares: "No prejudice would result to the defendants if the court grants the requested Motion for Severance" (*id.*). Plaintiffs ask not only that the court sever Mark Blevins' claims (Counts I and V) but also that the Court *continue the trial* and *enter a new scheduling order.*

The Court **DENIES** Plaintiffs' motion to sever (Doc. 39) for the following reasons. First, rather than promoting judicial economy, severance will require the expenditure of additional judicial resources, slow the resolution of the case, and nearly double the work by both the Magistrate Judge (entry of new scheduling order, oversight of additional discovery, etc.) and the District Judge (resolution of additional dispositive motions, holding a second final pretrial conference, and conducting two trials with overlapping issues and repeat witnesses). If a fresh Scheduling Order is entered at this point (for the existing case *and/or* for the case comprised of Mark Blevins' severed-out claims), the first available trial date on the undersigned's docket is January 10, 2011. That is six months *after* the trial date assigned herein.

Additionally, the Court notes that the existing schedule and trial date were assigned via a **TRACK C** designation, which provided the parties ample time to

"investigate and complete discovery" concerning the Plaintiffs' injuries. Nothing in Plaintiffs' motion explains why the need for additional examination is a "recent development" or why Mark Blevins was not referred to Dr. Gray until late February 2010. Dr. Oliver (who made the referral to Dr. Gray) has been treating Mark Blevins since January 2008, and the parties have known for nearly a year that the discovery cut-off was March 8, 2010. Nor does the motion explain why that cut-off elapsed *before* Plaintiffs moved to sever Mark's claims, continue trial, and set fresh deadlines.

The entry of an entirely new Scheduling Order, particularly on a Track C case, must rest on a firmer foundation than the reasons set forth in Plaintiffs' motion. The existing schedule remains operative. The discovery deadline has expired, the dispositive motion deadline has elapsed, trial will commence July 19, 2010, and no continuances of those dates will be permitted by the undersigned District Judge.

For all these reasons, the Court **GRANTS** the motion to dismiss (Doc. 38), **DIRECTS** Plaintiffs to file a First Amended Complaint (by the date and in the form discussed above), and **DENIES** the motion to sever Mark Blevins' claims, continue trial, and set a new discovery schedule (Doc. 39).

If the parties find the current schedule onerous, they are free to consent to resolution of the case by a Magistrate Judge of this Court. This is mentioned only as an option; no adverse consequence attaches to the decision to not consent. But the Magistrate Judges typically enjoy a more flexible docket and can accommodate motions to continue trial more readily than the undersigned District Judge, who has five cases set

for trial each week and must comply with the mandate of the Speedy Trial Act for criminal cases set the same weeks as civil cases.  Consent forms may be found on the Court's website at www.ilsd.uscourts.gov (click on the link on left column for "FORMS" and then select "Consent to Trial - Magistrate Judge").

        IT IS SO ORDERED.

        DATED March 23, 2010.

    s/  *Michael J. Reagan*
Michael J. Reagan
United States District Judge